## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006

      Plaintiff

vs.

Case No. _____

DEPARTMENT OF HOMELAND SECURITY
3801 Nebraska Avenue NW
Washington, DC 20016

CUSTOMS AND BORDER PROTECTION
1300 Pennsylvania Avenue NW
Washington, DC 20229

      Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
(Freedom of Information Act)

Plaintiff, The Protect Democracy Project, Inc., brings this action against Defendants, the

Department of Homeland Security and Customs and Border Protection, to compel compliance

with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and for related declaratory and

injunctive relief.  Plaintiff's underlying FOIA requests seek information concerning the extent to

which Defendants cooperate with armed private militia groups along the United States-Mexico

border.  Plaintiff alleges as follows:

## PARTIES

1.     Plaintiff, The Protect Democracy Project, Inc., is a 501(c)(3) tax-exempt

organization, incorporated under the laws of the District of Columbia, and headquartered at 2020

Pennsylvania Avenue NW, #163, Washington, DC 20006.

2.      Plaintiff's mission is to protect our democracy from descending into a more

autocratic form of government by preventing those in power from depriving Americans of a free,

fair, and fully-informed opportunity to exercise ultimate sovereignty.  As part of this mission,

Plaintiff seeks to inform public understanding of operations and activities of the government by

gathering and disseminating information that is likely to contribute significantly to the public

understanding of Executive Branch operations and activities.

3.      Plaintiff regularly requests information pursuant to FOIA.  Consistent with its

regular practice, Plaintiff intends to give the public access to documents obtained via these FOIA

requests on its website, www.protectdemocracy.org, and to provide information about and

analysis of those documents as appropriate.

4.      Defendant Department of Homeland Security ("DHS") is an agency of the United

States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  Defendant DHS is

headquartered at 3801 Nebraska Avenue NW, Washington, DC 20016.  Defendant DHS has

possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA

request sent to DHS.

5.      Defendant Customs and Border Protection ("CBP") is a component of DHS.

Defendant CBP is headquartered at 1300 Pennsylvania Avenue NW, Washington, DC 20229.

Defendant CBP has possession, custody, and control of the documents that Plaintiff seeks in

response to the FOIA requests sent to CBP and certain Sectors of CBP.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§

2201-2202.

7.    Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

8.    On January 25, 2017, President Trump issued an Executive Order directing DHS

to hire an additional 5,000 Border Patrol agents "as soon as is practicable" and stating that OPM

"shall take appropriate action as may be necessary to facilitate hiring personnel to implement this

order."[1]  In a separate Executive Order issued on the same date, President Trump directed DHS

to hire an additional 10,000 Immigration and Customs Enforcement ("ICE") officers.[2]

9.    On February 20, 2017, then-DHS Secretary John Kelly issued memoranda to CBP

and ICE directing the agencies to begin the process of hiring 5,000 additional Border Patrol

agents and 10,000 additional ICE officers[3] – in effect, this was an order to increase the Border

Patrol's staff by 25% and to triple ICE's workforce.[4]  To meet these hiring needs, Administration

officials have suggested that they will seek to reduce what they view as overly restrictive hiring

barriers, including with respect to polygraph examinations and background checks.

10.    The Administration's plans to hire additional Border Patrol agents and ICE

officers have occurred against the backdrop of public reports suggesting that there has been an

---

[1] Exec. Order No. 13767, 82 Fed. Reg. 8793 (Jan. 25, 2017).

[2] Exec. Order No. 13768, 82 Fed. Reg. 8799 (Jan. 25, 2017).

[3] Dept. of Homeland Security, "Implementing the President's Border Security and Immigration Enforcement Improvements Policies" (Feb. 20, 2017); Dept. of Homeland Security, "Enforcement of the Immigrations Laws to Serve the National Interest" (Feb. 20, 2017).

[4] *See* Greg Moran, *Trump's plans to rapidly expand Border Patrol comes with big risks*, L.A. Times (Mar. 13, 2017), http://www.latimes.com/local/lanow/la-me-border-patrol-20170313-story.html.

increase in the number of armed militia groups patrolling the United States-Mexico border.[5] These groups are not legally authorized to perform border enforcement duties.

11.     While the federal government claims not to "endorse or support" militia groups active along the border,[6] public reports suggest that such groups may in fact be working in concert with CBP officers to police the border.[7]  In fact, at least one militia group – Arizona Border Recon – describes its mission as to "provide intelligence and security services in partnership with the United States Customs and Border Patrol."[8]

12.     The role played by militias on the border is an issue of substantial public interest – the subject of, among other things, a recent feature article in the *New York Times*,[9] a *PBS Newshour* segment,[10] and a special report on ABC's *Newsline*.[11]

---

[5] *See, e.g.*, Shane Bauer, *I Went Undercover with a Border Militia. Here's What I Saw.,* Mother Jones (Nov./Dec. 2016), http://www.motherjones.com/politics/2016/10/undercover-border-militia-immigration-bauer; Maxwell Barna, *'It's an American Problem': Meet the Militias Patrolling the US Border*, Vice News (July 31, 2014), https://news.vice.com/article/its-an-american-problem-meet-the-militias-patrolling-the-us-border.

[6] *See* Nick Schifrin, *Armed citizens patrol the Arizona-Mexico border*, PBS Newshour (Feb. 4, 2017), http://www.pbs.org/newshour/bb/armed-citizens-patrol-arizona-mexico-border (quoting a written statement from CBP in which CBP stated that it "does not endorse or support any private group or organization from taking matters into their own hands, as it could have disastrous personal and public safety consequences").

[7] *See* Shane Bauer, *I Went Undercover with a Border Militia. Here's What I Saw.,* Mother Jones (Nov./Dec. 2016), http://www.motherjones.com/politics/2016/10/undercover-border-militia-immigration-bauer (describing the interactions between CBP agents and the militia groups and quoting one member of a militia group as saying that "Border Patrol agents provide [us] with very useful information to help make our ops better").

[8] *See* Arizona Border Recon Homepage, https://www.arizonaborderrecon.org (last accessed Oct. 24, 2017).

[9] *See* Fernanda Santos, *At the Southern Border, a Do-It-Yourself Tack on Security*, N.Y. Times (Dec. 21, 2016), https://www.nytimes.com/2016/12/21/us/at-the-southern-border-a-do-it-yourself-tack-on-security.html?_r=1.

13.     These reports have provided conflicting accounts of the extent of coordination between militias and federal authorities.  A member of the Arizona Border Recon militia, for example, told an ABC reporter that he "assist[s]" CBP, adding that CBP's "hands are tied [and] [t]hey're not able to do what they really want to do."[12]  Another member of the same militia told a PBS correspondent that he "works with" CBP.[13]  That militia member also answered a call from a CBP agent while on camera, allowing the PBS correspondent to record part of the call.[14]  A third reporter, a veteran investigative journalist who went undercover with the Three Percent United Patriots ("3UP") militia, recounted: (i) a meeting between a CBP agent and a 3UP militia commander; (ii) a CBP intelligence officer advising 3UP militia members on optimal patrol routes and observation sites; (iii) an incident where three individuals were detained at gunpoint by 3UP pending the arrival of CBP agents; and (iv) an incident where CBP agents appear to have assisted in airlifting a 3UP member who had become ill.[15]  Yet, CBP denies cooperating with private militias.

---

[10] *See* Nick Schifrin, *Armed Citizens Patrol the Arizona-Mexico Border: Transcript*, PBS Newshour (Feb. 4, 2017), http://www.pbs.org/newshour/bb/armed-citizens-patrol-arizona-mexico-border/.

[11] *See* Neal Karlinsky et al., *Out on Patrol with Heavily Armed Civilian Vigilantes on Arizona's Border with Mexico*, ABC Newsline (Feb. 1, 2017), http://abcnews.go.com/US/patrol-heavily-armed-civilian-vigilantes-arizonas-border-mexico/story?id=45201990.

[12] *Id.*

[13] *See* Nick Schifrin, *Armed Citizens Patrol the Arizona-Mexico Border: Transcript*, PBS Newshour (Feb. 4, 2017), http://www.pbs.org/newshour/bb/armed-citizens-patrol-arizona-mexico-border/.

[14] *Id.*

[15] *See* Shane Bauer, *I Went Undercover with a Border Militia. Here's What I Saw.*, Mother Jones (Nov./Dec. 2016), http://www.motherjones.com/politics/2016/10/undercover-border-militia-immigration-bauer.

14.     The Administration's border enforcement plans – and the increasingly prominent role of militia groups on the border – raise concerns about the extent to which the Administration intends to rely, whether formally or informally, on militia groups and other nongovernmental actors to implement its immigration policy.

15.     Consistent with its mission, The Protect Democracy Project submitted FOIA requests to DHS and CBP seeking information about the role of unaffiliated border enforcement groups in the Trump Administration's immigration policy.  Specifically, and as described in further detail below, The Protect Democracy Project is requesting information regarding the Administration's policies and practices relating to interactions with nongovernmental border enforcement groups, and the extent to which the federal government is relying on these groups to assist with implementing its immigration policy.

16.     Defendants have failed to process these requests in the manner required by FOIA, and have failed to respond to the requests within the deadline mandated by FOIA.  A tabular summary of the current status of each request is attached as Appendix A.

## I.     AUGUST 3, 2017 DHS REQUEST

17.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to DHS ("the August 3 DHS Request") seeking 12 categories of records related to the agency's interactions and involvement with unaffiliated border enforcement groups, including, among other requests: (i) "[a]ll communications between any Border Patrol field office, and any other component of DHS, relating to unaffiliated border enforcement groups"; and (ii) "[a]ll communications between any employee of DHS and any representative of any unaffiliated border enforcement group."[16]

---

[16] These particular categories correspond to items 2 and 3 in the August 3 DHS Request.

18.     The August 3 DHS Request also sought a fee waiver and expedited processing. Citing over a dozen independent sources, The Protect Democracy Project certified that its request met the criteria for expedited processing under Defendant DHS's regulations, 6 C.F.R. § 5.5(e)(ii), (iv), because there is an "urgency to inform the public about an actual or alleged Federal Government activity," the request is "made by a person who is primarily engaged in disseminating information," and the request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that could affect public confidence."  A true and correct copy of the August 3 DHS Request is attached as Exhibit 1.

19.     On August 15, 2017, The Protect Democracy Project received a written response from the DHS Privacy Office ("DHS PRIV") acknowledging that DHS PRIV had received the August 3 DHS Request on August 3, 2017 and stating that the request had been assigned DHS FOIA number 2017-HQFO-01153.  Further, DHS PRIV stated in its August 15 response that the August 3 DHS Request was "too broad in scope or did not specifically identify the [requested] records."

20.     On August 16, 2017, a representative from The Protect Democracy Project spoke by telephone with a representative from DHS PRIV.  Following that conversation, on August 16, 2017, The Protect Democracy Project sent an email to DHS PRIV in which it perfected its request by providing search terms to assist DHS PRIV in locating responsive records.

21.     On August 23, 2017, The Protect Democracy Project sent another email to DHS PRIV following up on its August 16 email and asking DHS PRIV to acknowledge receipt of the perfected August 3 DHS Request.

22.     On August 29, 2017, The Protect Democracy Project received a written response from DHS PRIV acknowledging receipt of the perfected August 3 DHS Request.  In its response, DHS PRIV also conditionally granted The Protect Democracy Project's request for a fee waiver but denied its request for expedited processing.  In connection with this denial, DHS PRIV stated that The Protect Democracy Project's request was "conclusory in nature and did not present any facts to justify a grant of expedited processing under [6 C.F.R. Part 5 § 5.5(e)(1)]."  DHS PRIV further stated in its August 29 response that it was invoking the 10-day extension to comply with the perfected request pursuant to 6 C.F.R. Part 5 § 5.5(c).[17]  DHS PRIV did not indicate the scope of the documents DHS PRIV would produce or the exemptions DHS PRIV would claim with respect to any withheld documents.

23.     On September 14, 2017, The Protect Democracy Project received an email from DHS PRIV stating that "in order to conduct and [*sic*] adequate search for items 2 and 3 of your request, [DHS PRIV] need[s] either the email extension for the Border Patrol Field office and the unaffiliated border enforcement group or the name(s) of the individuals."

24.     On September 18, 2017, The Protect Democracy Project received a letter from the Office of the Inspector General at DHS ("DHS OIG") stating that DHS PRIV had referred a portion of the perfected August 3 DHS Request to DHS OIG.  In its September 18 letter, DHS OIG stated that it received this referral (of portions of the perfected August 3 DHS Request) on September 5, 2017, and that DHS OIG had assigned a separate DHS FOIA number to the request, 2017-IGFO-00143.  DHS OIG also stated in the letter that it was invoking the 10-day extension to comply with the request pursuant to 5 U.S.C. § 552(a)(6)(B).  Further, DHS OIG

---

[17] 6 C.F.R. Part 5 § 5.5(c) is the DHS regulation that implements the 10-day extension provided by 5 U.S.C. § 552(a)(6)(B)(i).  This statutory provision and the corresponding regulation are referred to interchangeably throughout the Complaint.

stated that it was deferring rendering a decision regarding The Protect Democracy Project's request for a fee waiver until after DHS OIG had determined "whether fees will be assessed for this request."  The letter did not address Plaintiff's expedited processing request, and did not indicate the scope of the documents DHS OIG would produce or the exemptions DHS OIG would claim with respect to any withheld documents.

25.     On October 10, 2017, The Protect Democracy Project sent an email to DHS PRIV responding to the September 14 email in which DHS PRIV had requested additional information regarding items 2 and 3 of the perfected August 3 DHS Request.  In its October 10 correspondence, The Protect Democracy Project stated that it was "not in a position to know the names of the particular DHS employees or the email extensions of specific Sector offices" but that if CBP "share[d] information about the parameters of [its] search . . . [The Protect Democracy Project] would be happy to consider whether that information allows us to narrow our request."  With respect to item 3 of the perfected August 3 DHS Request, The Protect Democracy Project stated that its request "provides several illustrative examples" but that The Protect Democracy Project was "not in a position to know which groups DHS employees have been in contact with."

26.     Pursuant to FOIA, within 30 business days of receipt of Plaintiff's perfected request, DHS was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i).  DHS received the perfected request on August 16, 2017.  Thus, DHS was required to respond no later than September 28, 2017.

27.     To date, The Protect Democracy Project has received no further response from DHS related to the perfected August 3 DHS Request.

## II.     AUGUST 3, 2017 CBP REQUESTS

### A.  BIG BEND SECTOR TEXAS REQUEST

28.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Big Bend Sector Texas ("the August 3 Big Bend Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups. The August 3 Big Bend Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Big Bend Request is attached as Exhibit 2.

29.     On September 8, 2017, based on informal guidance from CBP employees, The Protect Democracy Project re-submitted the August 3 Big Bend Request to CBP Headquarters. On the same date, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Big Bend Request had been submitted and assigning the request CBP FOIA number 2017-086562.

30.     On September 12, 2017, The Protect Democracy Project received another automated notice from CBP acknowledging receipt of the August 3 Big Bend Request on September 8, 2017.  CBP's response did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

31.     On September 12, 2017, The Protect Democracy Project received a second email from CBP denying expedited processing, as requested in the August 3 Big Bend Request, and stating that the request "[did] not meet requirements per DHS regulations."

32.     On September 12, 2017, The Protect Democracy Project received a third email from CBP stating that the CBP FOIA number for the August 3 Big Bend Request had been revised from CBP-2017-086562 to CBP-OIT-2017-086562.

33.     On September 27, 2017, The Protect Democracy Project received an email from CBP stating that the CBP FOIA number for the August 3 Big Bend Request had been revised from OIT-2017-086562 back to 2017-086562.

34.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the re-submitted request on September 8, 2017.  CBP's response was due no later than October 6, 2017.

35.     In its September 12 automated response (*see* paragraph 30), CBP referenced the potential availability, under 6 C.F.R. Part 5 § 5.5(c), of a 10 business day extension to FOIA's 20 business day response deadline.  However, CBP did not invoke this extension; nor did it specify any claimed "unusual circumstances" that would have permitted it to invoke the extension.  Even if CBP had properly invoked the 10-day extension, its response would have been due no later than October 23, 2017.

36.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Big Bend Request and has been provided no information on the status of its fee waiver request.

## B. DEL RIO SECTOR TEXAS REQUEST

37.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Del Rio Sector Texas ("the August 3 Del Rio Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 Del Rio Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Del Rio Request is attached as Exhibit 2.

38.     On September 8, 2017, based on informal guidance from CBP employees, The Protect Democracy Project re-submitted the August 3 Del Rio Request to CBP Headquarters. On the same date, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Del Rio Request had been submitted and assigning the request CBP FOIA number 2017-086565.

39.     On September 12, 2017, The Protect Democracy Project received a letter from a CBP office in Washington, DC acknowledging that it had received the August 3 Del Rio Request on September 8, 2017.  In its September 12 correspondence, CBP stated that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension.  Moreover, CBP did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

40.     On September 12, 2017, The Protect Democracy Project received an email from CBP denying expedited processing, as requested in the August 3 Del Rio Request, and stating that the request "[did] not meet requirements per DHS regulations."

41.     On September 12, 2017, The Protect Democracy Project received a second email from CBP stating that the CBP FOIA number for the August 3 Del Rio Request had been revised from 2017-086565 to OIT-2017-086565.

42.     On September 27, 2017, The Protect Democracy Project received an email from CPB stating that the CBP FOIA number for the August 3 Del Rio Request had been revised from OIT-2017-086565 back to 2017-086565.

43.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the re-submitted request on September 8, 2017.  CBP's response was due no later than October 6, 2017.

44.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Del Rio Request and has been provided no information on the status of its fee waiver request.

### C.  EL CENTRO SECTOR CALIFORNIA REQUEST

45.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to El Centro Sector California ("the August 3 El Centro Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups. The August 3 El Centro Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 El Centro Request is attached as Exhibit 2.

46.     On August 9, 2017, The Protect Democracy Project received an automated response from CBP confirming that the August 3 El Centro Request had been submitted and assigning it CBP FOIA number 2017-079151.

47.     On August 10, 2017, The Protect Democracy Project received an email from CBP stating that its request for expedited processing for 2017-079151 was denied because the request "[was] closed as insufficient."  On the same date, The Protect Democracy Project received another email from CBP stating that its request for a fee waiver for 2017-079151 "has been determined to be not applicable as the request is not billable."

48.     On August 10, 2017, The Protect Democracy Project received a third email from CBP stating that 2017-079151 had been closed because it "[d]id not include a clear and detailed description of the records being requested."  In its email, CBP stated that "[t]here is nothing attached" and "it is unclear what information that you seek."  On the same date, August 10, 2017, The Protect Democracy Project forwarded the August 10 email that it received from CBP to a representative at CBP and asked for clarification regarding which request, or aspect of the request, had been closed.

49.     Notwithstanding the CBP's August 10 emails denying the August 3 El Centro Request, on August 31, 2017, The Protect Democracy Project received an automated response from CBP acknowledging receipt of the August 3 El Centro Request and assigning it CBP FOIA number 2017-084648.

50.     Then, on September 7, 2017, The Protect Democracy Project received a letter from a CBP office in Washington, DC acknowledging that it had received the August 3 El Centro Request on August 9, 2017 and assigned it CBP FOIA number CBP-2017-079151.  The response did not reference the previously assigned number from the August 31 email, 2017-

084648.  In its September 7 correspondence, CBP also noted that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension. Moreover, CBP not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

51.     On September 12, 2017, The Protect Democracy Project received an email from CBP stating that its request for a fee waiver for 2017-084648 had been denied because the request was a "[d]uplicate request."

52.     On September 12, 2017, The Protect Democracy Project also received an email from CBP stating that "FOIA request CBP-2017-084648 has been closed as it is a duplicate of an earlier FOIA request that you submitted."  The email further stated that "[y]our earlier FOIA request [2017-079151] will be processed in the order it was received."

53.     Later on September 12, 2017, The Protect Democracy Project received another email from a representative of CBP explaining that CBP was "reopening request 2017-084648 as it was already being processed by our component office, and . . . closing 2017-079151 as it's [a] duplicate."  The CBP representative further stated that the agency's policy "is usually first in first out, but as request 2017-084648 is actually further along in the process than 2017-079151, it will be to your advantage for us to continue processing 2017-084648."

54.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i).

CBP received the request on August 3, 2017.  CBP's response was due no later than August 31, 2017.

54. To date, The Protect Democracy Project has received no further response from CBP related to the August 3 El Centro Request.

### D. LAREDO SECTOR TEXAS REQUEST

56. On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Laredo Sector Texas ("the August 3 Laredo Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 Laredo Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Laredo Request is attached as Exhibit 2.

57. On September 8, 2017, based on informal guidance from CBP employees, The Protect Democracy Project re-submitted the August 3 Laredo Request to CBP Headquarters.  On the same date, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Laredo Request had been submitted and assigning the request CBP FOIA number 2017-086567.

58. On September 12, 2017, The Protect Democracy Project received a letter from a CBP office in Washington, DC acknowledging that it had received the August 3 Laredo Request on September 8, 2017.  In its September 12 correspondence, CBP stated that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension.  Moreover, CBP did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

59.     On September 12, 2017, The Protect Democracy Project also received an email from CBP stating that its request for expedited processing was denied because the request "[did] not meet requirements per DHS regulations."  Separately, on the same date, The Protect Democracy Project received an email from CBP stating that the CBP FOIA number for the August 3 Laredo Request had been revised from 2017-086567 to OIT-2017-086567.

60.     On September 28, 2017, The Protect Democracy Project received an email from CBP stating that the CBP FOIA number for the August 3 Laredo Request had been revised from OIT-2017-086567 back to 2017-086567.

61.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the re-submitted request on September 8, 2017.  CBP's response was due no later than October 6, 2017.

62.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Laredo Request and has been provided no information on the status of its fee waiver request.

### E.  RIO GRANDE VALLEY SECTOR TEXAS REQUEST

63.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Rio Grande Valley Sector Texas ("the August 3 Rio Grande Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 Rio Grande Request also sought a fee waiver and expedited processing on

the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Rio Grande Request is attached as Exhibit 2.

64.     On August 3, 2017, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Rio Grande Request had been submitted and assigning the request CBP FOIA number 2017-077592.

65.     On August 4, 2017, The Protect Democracy Projected received a letter from a CBP office in Washington, DC acknowledging that it had received the August 3 Rio Grande Request on August 3, 2017.  In its August 4 correspondence, CBP stated that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension.  Moreover, CBP did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

66.     On August 4, 2017, The Protect Democracy Project also received a letter from the same CBP office stating that the August 3 Rio Grande Request was "too broad in scope or did not specifically identify the records which you are seeking."  In its August 4 letter, CBP explained that "[t]he search terms, 'all communications', 'any employee', and 'any unaffiliated border enforcement group' are too broad in scope and would not result in an efficient search for records responsive to your request."  CBP also requested that The Protect Democracy Project "provide more specific items for which you wish us to search."  CBP did not state that it was seeking to toll its statutory timeline for making a determination as to The Protect Democracy Project's request.

67.     On August 9, 2017, a representative from The Protect Democracy Project spoke by telephone with a representative from CBP.  Following that conversation, on August 10, 2017,

The Protect Democracy Project sent an email to CBP providing a list of proposed search terms. In addition, The Protect Democracy Project provided a list of functional descriptions of employees at CBP that were likely to have custody of responsive records.

68.    On August 11, 2017, The Protect Democracy Project received an email from CBP granting its request for a fee waiver.

69.    On August 24, 2017, The Protect Democracy Project received an email from CBP stating that the CBP FOIA number for the August 3 Rio Grande Request had been revised from 2017-077592 to OIT-2017-077592.

70.    Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the request on August 3, 2017.  CBP's response was due no later than August 31, 2017.

71.    To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Rio Grande Request and has been provided no information on the status of its expedited processing request.

### F.  SAN DIEGO SECTOR CALIFORNIA REQUEST

72.    On August 3, 2017, The Protect Democracy Project submitted a FOIA request to San Diego Sector California ("the August 3 San Diego Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 San Diego Request also sought a fee waiver and expedited processing on

the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the

August 3 San Diego Request is attached as Exhibit 2.

73.     On August 3, 2017, The Protect Democracy Project received an automated

response from CBP confirming that the August 3 San Diego Request had been submitted and

assigning the request CBP FOIA number 2017-077572.

74.     On August 4, 2017, The Protect Democracy Project received a letter from a CBP

office in Washington, DC acknowledging that it had received the August 3 San Diego Request

on August 3, 2017.  In its August 4 correspondence, CBP stated that it had a right to invoke a 10-

day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with

the August 3 Big Bend Request, CBP did not actually invoke the extension.  Moreover, CBP did

not indicate the scope of the documents CBP would produce or the exemptions CBP would claim

with respect to any withheld documents.

75.     On August 4, 2017, The Protect Democracy Project also received a letter from the

same CBP office stating that the August 3 San Diego Request was "too broad in scope or did not

specifically identify the records which you are seeking."  In its August 4 letter, CBP further

stated that "[t]he search terms, 'all communications', 'any employee', and 'any unaffiliated

border enforcement group' are too broad in scope and would not result in an efficient search for

records responsive to your request."  CBP also requested that The Protect Democracy Project

"provide more specific items for which you wish us to search."  CBP did not state that it was

seeking to toll its statutory timeline for making a determination as to The Protect Democracy

Project's request.

76.     On August 9, 2017, a representative from The Protect Democracy Project spoke

by telephone with a representative from CBP.  Following that conversation, on August 10, 2017,

The Protect Democracy Project sent an email to CBP providing a list of proposed search terms. In addition, The Protect Democracy Project provided a list of functional descriptions of employees at CBP that were likely to have custody of responsive records.

77.     On August 11, 2017, The Protect Democracy Project received an email from CBP granting its request for a fee waiver.

78.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the request on August 3, 2017.  CBP's response was due no later than August 31, 2017.

79.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 San Diego Request and has been provided no information on the status of its expedited processing request.

### G.  TUCSON SECTOR ARIZONA REQUEST

80.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Tucson Sector Texas ("the August 3 Tucson Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 Tucson Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Tucson Request is attached as Exhibit 2.

81.     On September 8, 2017, based on informal guidance from CBP employees, The Protect Democracy Project re-submitted the August 3 Tucson Request to CBP Headquarters.  On

the same date, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Tucson Request had been submitted and assigning the request CBP FOIA number 2017-086572.

82.     On September 12, 2017, The Protect Democracy Project received a letter from a CBP office in Washington, DC acknowledging that it had received the August 3 Tucson Request. In its September 12 correspondence, CBP stated that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension.  Moreover, CBP did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

83.     On September 12, 2017, The Protect Democracy Project also received an email from CBP stating that its request for expedited processing was denied because the request "[did] not meet requirements per DHS regulations."

84.     On September 12, 2017, The Protect Democracy Project received a second email from CBP stating that the CBP FOIA number for the August 3 Tucson Request had been revised from 2017-086572 to OIT-2017-086572.

85.     On September 27, 2017, The Protect Democracy Project received an email from CBP stating that it had revised the CBP FOIA number for the August 3 Tucson Request from OIT-2017-086572 back to 2017-086572.

86.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i).

CBP received the re-submitted request on September 8, 2017.  CBP's response was due no later than October 6, 2017.

87.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Tucson Request and has been provided no information on the status of its fee waiver request.

## H.  YUMA SECTOR ARIZONA REQUEST

88.     On August 3, 2017, The Protect Democracy Project submitted a FOIA request to Yuma Sector Arizona ("the August 3 Yuma Request") seeking 11 categories of records related to the Sector's interactions and involvement with unaffiliated border enforcement groups.  The August 3 Yuma Request also sought a fee waiver and expedited processing on the same basis as the August 3 DHS Request (*see* paragraph 18).  A true and correct copy of the August 3 Yuma Request is attached as Exhibit 2.

89.     On September 8, 2017, based on informal guidance from CBP employees, The Protect Democracy Project re-submitted the August 3 Yuma Request to CBP Headquarters.  On the same date, The Protect Democracy Project received an automated response from CBP confirming that the August 3 Yuma Request had been submitted and assigning the request CBP FOIA number 2017-086576.

90.     On September 12, 2017, The Protect Democracy Project received an email from CBP stating that its request for expedited processing was denied because the request "[did] not meet requirements per DHS regulations."  On the same date, The Protect Democracy Project received another email from CBP stating that CBP FOIA number for the August 3 Yuma Request had been revised from 2017-086576 to OIT-2017-086576.

91.     Later on September 12, 2017, The Protect Democracy Project received a third email from CBP acknowledging that it had received the August 3 Yuma Request on September 8, 2017.  In its email, CBP stated that it had a right to invoke a 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c); however, as with the August 3 Big Bend Request (*see* paragraph 35), CBP did not actually invoke the extension.  Moreover, CBP did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

92.     On September 28, 2017, The Protect Democracy Project received an email from CBP stating that it had revised the CBP FOIA number for the August 3 Yuma Request from OIT-2017-086576 back to 2017-086576.

93.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). CBP received the re-submitted request on September 8, 2017.  CBP's response was due no later than October 6, 2017.

94.     To date, The Protect Democracy Project has received no further response from CBP related to the August 3 Yuma Request and has been provided no information on the status of its fee waiver request.

## COUNT I - FAILURE TO COMPLY WITH FOIA STATUTORY DEADLINE

95.     The Protect Democracy Project incorporates paragraphs 1 through 94 of this Complaint.

96.     Pursuant to FOIA, 5 U.S.C. § 552(a), The Protect Democracy Project has a statutory right to access requested agency records.

97.     Defendants have failed to comply with the time limits prescribed by FOIA, 5

U.S.C. §§ 552(a)(6)(A)(i)-(ii) and 5 U.S.C. §§ 552(a)(6)(B)(i)-(ii).

## COUNT II - FAILURE TO COMPLY WITH FOIA

98.     The Protect Democracy Project incorporates paragraphs 1 through 94 of this

Complaint.

99.     Pursuant to FOIA, 5 U.S.C. § 552(a), The Protect Democracy Project has a

statutory right to access requested agency records.

100.    Defendants have failed to conduct a reasonable search for records responsive to

Plaintiff's record requests.

101.    Defendants have failed to properly respond to The Protect Democracy Project's

record requests.

## COUNT III - FAILURE TO PROCESS AND GRANT REQUESTS FOR FEE WAIVERS AND EXPEDITED PROCESSING

102.    The Protect Democracy Project incorporates paragraphs 1 through 94 of this

Complaint.

103.    Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(A), The Protect Democracy Project is

entitled to a waiver of all fees, other than reasonable standard charges for document duplication.

104.    Pursuant to 5 U.S.C. § 552(a)(6)(E), The Protect Democracy Project is entitled to

expedited processing of the FOIA requests described in this complaint.

105.    Defendant DHS has failed to respond to The Protect Democracy Project's fee

waiver request in respect of the portion of the August 3 DHS Request that was referred to DHS

OIG.

106.    Defendant CBP has failed to respond to The Protect Democracy Project's fee waiver requests with respect to the August 3 Big Bend Request, Del Rio Request, El Centro Request, Laredo Request, Tucson Request, and Yuma Request.

107.    Defendant DHS has failed to respond to The Protect Democracy Project's expedited processing request in respect of the portion of the August 3 DHS Request that was referred to DHS OIG.

108.    Defendant DHS has wrongfully denied The Protect Democracy Project's expedited processing request in respect of the portion of the August 3 DHS Request that was referred to DHS PRIV.

109.    Defendant CBP has failed to respond to The Protect Democracy Project's expedited processing requests for the August 3 Rio Grande Request and San Diego Request.

110.    Defendant CBP has wrongfully denied The Protect Democracy Project's expedited processing requests for the August 3 Big Bend Request, Del Rio Request, El Centro Request, Laredo Request, Tucson Request, and Yuma Request.

## PRAYER FOR RELIEF

WHEREFORE, The Protect Democracy Project respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.    Order Defendants, by a date certain, to conduct searches that are reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's requests;

b.    Order Defendants, by a date certain, to demonstrate that they have conducted adequate searches;

c.    Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's requests, as well as

*Vaughn* indices of any records or portions of records withheld due to a claim of exemption;[18]

d.  Enjoin Defendants from withholding the requested records;

e.  Order Defendants to grant the fee waivers in Plaintiff's August 3 DHS Request, Big Bend Request, Del Rio Request, El Centro Request, Laredo Request, Tucson Request, and Yuma Request;

f.  Issue a declaration that the failure of Defendants DHS and CBP to respond to and grant the aforementioned fee waiver requests violates 5 U.S.C. § 552(a)(4)(A);

g.  Order Defendants to expedite the processing of the August 3 DHS Request, Big Bend Request, Del Rio Request, El Centro Request, Laredo Request, Rio Grande Request, San Diego Request, Tucson Request, and Yuma Request;

h.  Issue a declaration that the failure of Defendants DHS and CBP to respond to and grant Plaintiff's requests for expedited processing violates 5 U.S.C. § 552(a)(6)(E);

i.  Pursuant to 5 U.S.C. § 552(a)(4)(E), award Plaintiff its costs and attorney's fees reasonably incurred in this action; and

j.  Grant Plaintiff such other and further relief as the Court may deem just and proper.

---

[18] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974) (agency opposing a FOIA request should provide an itemized index correlating each withheld document (or portion) with a specific exemption justification).

October 24, 2017                              Respectfully submitted,


                                             _/s/ Kevin Barnett_____
                                             Kevin Barnett (D.C. Bar No. 1003410)
                                             Jennifer H. Saperstein (D.C. Bar No. 989743)*
                                             Nikhil V. Gore (D.C. Bar No. 1019777)*
                                             Covington & Burling LLP
                                             One CityCenter
                                             850 Tenth Street NW
                                             Washington, DC 20001
                                             (202) 662-5430
                                             kbarnett@cov.com

                                             Laurence M. Schwartztol*
                                             The Protect Democracy Project
                                             10 Ware Street
                                             Cambridge, MA 02138
                                             (202) 856-9191
                                             larry.schwartztol@protectdemocracy.org


                                             ATTORNEYS FOR PLAINTIFF

                                             *   _Application pending for admission to the
                                             District Court Bar._

**Appendix A**
**Current Status of Each FOIA Request**

| Request Name | Date of Submission | Date of Re-Submission / Perfection | Required Response Date | Fee Waiver Status | Expedited Processing Status | 10-Day Extension |
|---|---|---|---|---|---|---|
| DHS | 08/03/2017 | 08/16/2017 | 09/28/2017 | Granted / Unclear[19] | Denied / Unclear[20] | Invoked |
| Big Bend | 08/03/2017 | 09/08/2017 | 10/06/2017 | No Response | Denied | Not Invoked |
| Del Rio | 08/03/2017 | 09/08/2017 | 10/06/2017 | No Response | Denied | Not Invoked |
| El Centro | 08/03/2017 | -- | 08/31/2017 | Unclear[21] | Unclear[22] | Not Invoked |
| Laredo | 08/03/2017 | 09/08/2017 | 10/06/2017 | No Response | Denied | Not Invoked |
| Rio Grande | 08/03/2017 | -- | 08/31/2017 | Granted | No Response | Not Invoked |
| San Diego | 08/03/2017 | -- | 08/31/2017 | Granted | No Response | Not Invoked |
| Tucson | 08/03/2017 | 09/08/2017 | 10/06/2017 | No Response | Denied | Not Invoked |
| Yuma | 08/03/2017 | 09/08/2017 | 10/06/2017 | No Response | Denied | Not Invoked |

---

[19] Granted with respect to responsive records processed by DHS PRIV.

[20] Denied with respect to responsive records processed by DHS PRIV; unclear whether this denial also applies to records processed by DHS OIG.

[21] *See* Complaint, at ¶¶ 47, 51 (request was initially "determined to be not applicable as the request is not billable" but was subsequently "denied" as a "duplicate request").

[22] *See* Complaint, at ¶ 47 (request was "closed as insufficient").